No. 85-37

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

JERRY THIEL and LARRY THIEL,

  Plaintiffs and Appellants,

 -vs-

JAMES E. JOHNSON and LORETTA
JOHNSON,

  Defendants and Respondents.

---

APPEAL FROM: District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron Robb, Judge presiding.

COUNSEL OF RECORD:

 For Appellant:

  George T. Radovich, Billings, Montana

 For Respondent:

  Joseph P. Hennessey, Billings, Montana

---

Submitted on Briefs: May 16, 1985

Decided: December 31, 1985

Filed: DEC 31 1985

*Ethel M. Harrison*

---
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Jerry Thiel and Larry Thiel appeal from a judgment of the Sixth Judicial District Court, Park County, which awarded James and Loretta Johnson the sum (including costs) of $68,235.72. We affirm.

On January 19, 1981, Jerry and Larry Thiel, as sellers, entered into a contract to sell the Guest House Motel in Livingston, Montana, to James and Loretta Johnson as buyers for $470,000.00. The Johnsons used their home for the $50,000.00 downpayment, and were thereafter required by the contract to make two separate regular payments, $1,288.00 monthly to the Thiels for their equity in the Guest House Motel, and $3,500.00 eight times a year for an underlying contract owed by the Thiels to a third party. The underlying contract required interest-only payments in January, February, March and April of each year because tourism, on which the motel depended, was down during those months.

The Johnsons were not able to operate the motel profitably. During late 1981, the Johnsons were in serious financial difficulty. Thereafter, they did not make the January, February, March or April 1982 payments.

The contract for sale between the Thiels and the Johnsons contained default provisions. The clauses provided that if defaults by the Johnsons went uncured for a period of 30 days after written notice the Thiels could use any means to enforce collection of the defaulted payments; but to accelerate the due date of the full amount of the contract balance, the Thiels would have to serve a further 30 day notice of acceleration. On April 13, 1982, the Thiels served

a default notice upon the Johnsons based on the nonpayment of the January, February, March and April 1982 payments.

On May 13, 1982, the Thiels commenced an action in the District Court for the purpose of recovering the possession of the motel, together with the liquor license, the furniture, fixtures, and their attorney fees. On the same date, they obtained from the District Court an order to show cause addressed to the Johnsons as to why they should not be restrained from further interfering with the peaceful re-entry into the Guest House Motel by the Thiels.

Hearing on the show cause order was had before the District Court on May 25, 1982 and at the conclusion of the hearing the matter was taken under advisement by the Court. On May 27, 1982, the Thiels served a further written notice upon the Johnsons accelerating the due date of the unpaid principal balance on the contract, and requiring full payment thereof within 30 days. On June 3, 1982, the District Court granted a temporary injunction, allowing the Thiels to take possession of the Guest House Motel on posting a bond. A bond was posted by the Thiels and the Johnsons objected to the sufficiency thereof. Eventually this Court in cause no. 82-191, by way of supervisory control, vacated the bond as insufficient on June 10, 1982. Thereafter the Thiels supplied a bond which was accepted by the Johnsons. Thiels have been and now are in possession of the motel property.

In the meantime, on June 4, 1982, Johnsons filed their answer and counterclaim to the complaint of the Thiels. In it they contended that the Thiels had acquiesced in the nonpayment for the months specified. The Johnsons counterclaimed for the sum of $95,878.60, the total of payments that had been made by them on the contract including

the transfer of their house. The Johnsons further contended that to force them out of the premises, the Thiels had ignored the notice provisions of the contract for deed, and had contacted the utility companies in an effort to have their services to the motel terminated. Johnsons sought damages from the Thiels for "fraudulent malicious acts" entitling Johnsons to punitive damages.

After trial on the issues, the jury returned a verdict of $67,587.78 in favor of the Johnsons as actual damages, and awarded nothing for punitive damages. It is from the judgment based on that verdict that the Thiels appeal.

The first issue as stated by the appellants on appeal is whether the District Court committed error by giving an improper jury instruction indicating that an oral waiver could alter a written contract, that a collection attempt must be made prior to the due date of the next payment or it will be deemed waived, and otherwise incorrectly stating the law.

Johnsons offered instruction no. 28, given as court's instruction no. 14, told the jury:

> You are instructed that when a payment is due pursuant to contract, that payment may be waived by the one who is to receive the payment. The waiver may be either express or implied.
>
> An implied waiver occurs when a contract payment is past due, and the one who is to receive the payment makes no attempt to collect the payment within a reasonable time. A reasonable time is presumably a short time after the payment is due, and before the next payment is due.
>
> An express waiver occurs when the one who is to receive payment tells the one who is to make payment, either orally or in writing, that the payment or payments need not be made on the due date. An express waiver must continue for the period of time specified by the one who is to receive payment.

Thiels' principle objection to the instruction is that it allowed recovery on implied waiver. As we will show later in this opinion, there was evidence of an express waiver by the Thiels of the payment for the first 4 months of 1982. Waiver may be express or implied. We said in Kelly v. Lovejoy (1977), 172 Mont. 516, 565 P.2d 321:

> As to the second issue, the Kellys' admitted acquiescence to the presence of Lovejoys' horses constituted a waiver and Kellys are therefore estopped from asserting the restrictive covenant against Lovejoys. Waiver is generally defined as a voluntary and intentional relinquishment of a known right, claim or privilege. [Citing cases.] Mundt v. Malon, 106 Mont. 242, 76 P.2d 326; Farmers Elevator Company of Reserve v. Anderson, 170 Mont. 175, 552 P.2d 63. Waiver may be proved by express declarations or by a course of acts and conduct so as to induce the belief that the intention and purpose was to waive. Northwestern Fire & Marine Insurance Company v. Pollard, 74 Mont. 142, 238 P. 594.

172 Mont. at 520, 565 P.2d at 323-24.

In Northwestern Fire & Marine Insurance Company v. Pollard, supra, cited in the foregoing Kelly v. Lovejoy case, this Court specifically held that a right may be waived by implication as well as by agreement. Although waiver is mainly a question of intention and must be manifested in some unequivocal manner, a waiver may be founded upon express written statements, oral express statements or acts or conduct which induce the belief that the intention and purpose is to waive.

Thiels further raise as an issue an objection to that portion of the instruction which stated that a waiver of payment was impliedly made by Thiels if they did not attempt to collect within a short time after the payment was due and before the next payment was due. Objection to that portion of the instruction was not made before the District Court, and will not be considered by us on appeal. Specific

- 5 -

objections to portions of instructions are required by Rule 51, M.R.Civ.P.; objections not made before the trial court will not be considered for the first time on appeal. Nott v. Booke (Mont. 1981), 633 P.2d 678, 680, 38 St.Rep. 1507, 1510; Wolfe v. Schultz Refrigeration (1979), 188 Mont. 511, 518-19; 614 P.2d 1015, 1019; Franck v. Hudson (1962), 140 Mont. 480, 484-85, 373 P.2d 951, 953. We therefore do not pass on the validity of that portion of the instruction.

The second contention of the Thiels on appeal is that the jury verdict is totally unsupported by substantial evidence at trial.

Loretta Johnson testified that she met with the Thiels in Billings in the month of January 1982 to discuss the payments coming due. She testified that at the meeting, she told the Thiels that the low winter month's revenue, the increases in utility rates that had occurred, and other financial difficulties had made it impossible for the Johnsons to do the things they planned to do with the motel and still keep up with the payments on the motel. She was told, she testified, that this was "fine," and all the Thiels were concerned about was to keep the underlying contract current. She said she was told that as long as she would keep the underlying contract holder "happy" they were willing to work with her and that "they would be glad to extend their payments to be made until the summer season started rolling again."

The direct evidence of one witness who is entitled to full credit is sufficient proof of any fact. Section 26-1-301, MCA. Substantial evidence to support the jury verdict is all that is required. (See Gunnels v. Hoyt (Mont. 1981), 633 P.2d 1187, 1191, 38 St.Rep. 1492, 1495, for a

discussion of the standard of review by this Court where the sufficiency of the evidence to support the judgment is attacked on appeal.)

The final contention raised by Thiels is that the District Court erred in submitting to the jury an issue of bad faith between the parties of the contract because their bargaining positions were approximately equal, the contract represented a nonadhesive transaction and the Thiels were acting in accordance with the court order entitling them to repossession of the motel premises.

The District Court submitted the issues through its instructions in the following manner: The jury was instructed to find first whether or not the plaintiffs had waived payments for the months of January, February, March and April 1982. They were told if the answer was yes then they should determine whether or not the Thiels acted in bad faith or fraudulently in foreclosing on the defendants. If they found so, then they were to determine the damages. The court further instructed that a party to a contract owed the other party to the contract a duty to act in good faith and deal fairly, in order not to deprive the other party of the benefits of the contract. It told the jury that bad faith is the opposite of good faith, and generally implies or involves actual or constructive fraud, a design to mislead or deceive another, or a neglect or refusal to fulfill some contractual obligation with an interested or sinister motive.

The court also instructed the jury concerning constructive fraud, to which instructions the Thiels make no objection on appeal. In fact each party offered an instruction defining constructive fraud.

The District Court in this case instructed the jury that the measure of damages from an unlawful act or omission of another person is the amount which would compensate for all the detriment proximately caused thereby whether it could have been anticipated or not. The District Court further instructed the jury that punitive damages could be awarded for oppression, fraud, or malice, actual or implied.

As we noted, the jury awarded compensatory damages, but not punitive damages.

The evidence in this case, in the light most favorable to the Johnsons, was that after agreeing that they would waive the time for payments due in the first four months of 1982, Thiels suddenly, without warning to the Johnsons, sent a notice of default on April 13, 1982; that Thiels ousted the Johnsons from possession of the motel before the time for accelerated payment of the full debt had expired, by sending their agent, Larry Myers, to take possession of the motel and its furniture and equipment; that before moving to take possession, and to declare default, Theils had advised the utility companies that the Johnsons were unable to pay their utility bills and that the motel premises were about to be repossessed.

In our recent decision in Nicholson v. United Pacific Insurance Co., (No. 84-247, Decided December 17, 1985), the majority of this Court declined "to extend the breach of implied covenant to all contract breaches as a matter of law." In that case this Court said an implied covenant of good faith and fair dealing is not an obligation arising from a contract (The writer hereof does not agree with that conclusion, but that is unimportant in the case at bar. I would imply the covenant in every contract.) Under

- 8 -

Nicholson, the nature and extent of an implied covenant of good faith and fair dealing is measured in a particular contract by the justifiable expectations of the parties. If the action of the party in breaching the contract is arbitrary, capricious or unreasonable, under Nicholson such conduct exceeds the justifiable expectations of the other party to the contract, and gives rise to tort liability for compensatory and punitive damages.

Here the jury awarded Johnsons actual damages, but refused to assess punitive damages in their verdict. The result is the same, for all practical purposes, as though the jury decided the issue simply on a breach of contract basis.

It is true that here the District Court instructed the jury on a measure of damages that is based on tort. Section 27-1-317, MCA. However, the damages awarded by the jury here are little different from what would be recoverable through breach of contract damages, that is, such detriment as was proximately caused by the breach or in the ordinary course of things would be likely to result therefrom. Section 27-1-311, MCA. The failure of the District Court to distinguish between damages arising from a breach of contract provision, and damages for the tort of bad faith is in this case harmless in view of the jury verdict awarding only compensatory damages.

The contention of the Thiels that they cannot be held in bad faith for taking possession of the motel premises because they were acting in accordance with a court order ignores the fact that the court order was obtained prematurely at their insistence. Thiels did in fact, through the court, obtain possession of the motel before they were contractually entitled to do so, which should have been after the service

of the requisite notices of default and acceleration provided in the contract.

The judgment of the District Court is therefore affirmed.

_____
                Justice

We Concur:

_____
          Chief Justice

_____

_____

_____

_____

_____
              Justices