No. 98-309

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 150

295 Mont. 65

982 P.2d 1053

HOLM-SUTHERLAND CO., INC., a Montana Corporation,

Plaintiff and Respondent,

v.

THE TOWN OF SHELBY, MONTANA,

Defendant and Appellant,

and

THOMAS, DEAN & HOSKINS, INC., a Montana corporation,

No

Defendant.

APPEAL FROM: District Court of the Ninth Judicial District,

In and for the County of Toole,

The Honorable Marc Buyske, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jack L. Lewis; Jardine, Stephenson, Blewett & Weaver, Great

Falls, Montana

For Respondent:

W. Anderson Forsythe and Gerry P. Fagan; Moulton, Bellingham,

Longo & Mather, Billings, Montana

No

Submitted on Briefs: January 28, 1999

Decided: June 29, 1999

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

**¶1. The Town of Shelby appeals from an order of the Ninth Judicial District Court, Toole County, compelling arbitration of this contract dispute. We affirm in part and reverse and remand in part.**

**¶2. We address the following issues:**

1. Did the District Court err in ruling that Montana municipalities have authority to contractually agree to binding arbitration as a forum or means for resolving claims arising out of a contract?

2. Did the court err in requiring Safeco Insurance Company to ratify the actions of Holm-Sutherland Co., Inc. rather than substituting Safeco as the real party in interest?

3. Did the court err in ruling that Holm-Sutherland did not waive its right to demand arbitration?

Based on our resolution of the above issues, we do not find it necessary to address the issue of whether the arbitration provision was assignable.

**¶3. In 1994, Holm-Sutherland contracted with the Town of Shelby to construct sewer and water improvements in the town. One provision of their written contract stated:**

All claims, disputes and other matters in question arising out of, or relating to, the CONTRACT DOCUMENTS or the breach thereof, except for claims which have been waived by the making and acceptance of final payment as provided by Section 20, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.

**¶4. In June 1995, a dispute arose under the contract and Holm-Sutherland demanded arbitration. Instead of agreeing and proceeding to arbitration, the Town of Shelby filed a complaint in the District Court seeking injunctive protection against arbitration. The Town asserted that the arbitration clause in the parties' contract was invalid on a technicality because it failed to comply with a Montana statute requiring that arbitration clauses in Montana contracts appear underlined and on the first page of the contract. *See* § 27-5-114(4), MCA (1993). Holm-Sutherland filed a notice of appearance and "No Objection" to the Town's request for a temporary injunction, and the court granted that relief. The law imposing the notice requirements as to contractual arbitration clauses was subsequently overturned by the United States Supreme Court and repealed by the Montana Legislature. *See Casarotto v. Lombardi* (1994), 268 Mont. 369, 886 P.2d 931, *overruled in Doctor's Assoc. v. Casarotto* (1996), 517 U.S. 681, 116 S.Ct. 1652, 134 L.Ed.2d 902; 1997 Mont. Laws 19 § 1.**

**¶5. In the meantime, Holm-Sutherland filed an action in the Cascade County District Court against the Town of Shelby and the Town's engineering firm, Thomas Dean & Hoskins, Inc., seeking damages for breach of contract and consequential damages. That action was eventually consolidated with the injunction action before the Toole County District Court. Discovery ensued, and the case was set for trial three times.**

**¶6. In January 1998, some twenty months after *Casarotto* was overruled and less than ten weeks prior to the third date set for trial, Holm-Sutherland moved to**

compel arbitration. The Town objected on grounds that it lacked the authority to bind itself to arbitration and that Holm-Sutherland had waived its right to arbitrate. The District Court ordered arbitration, and the Town of Shelby appeals.

## Issue 1

¶7. Did the District Court err in ruling that Montana municipalities have authority to contractually agree to binding arbitration as a forum or means for resolving claims arising out of a contract?

¶8. The Town of Shelby points out that a municipality such as itself which is not operating under a self-governing charter has only those powers given by the legislature. *See D & F Sanitation Service v. City of Billings* (1986), 219 Mont. 437, 445, 713 P.2d 977, 982. The Town asserts that the duty to determine the validity of claims against a municipality is statutorily placed upon the municipality's council under §§ 7-6-4301 and -4302, MCA, and that this duty cannot be delegated to an arbitrator. The Town does not cite any case or statute directly supporting its argument. Because this is a legal issue of statutory interpretation, our standard of review is whether the District Court's decision was correct. *See State v. Bell* (1996), 277 Mont. 482, 486, 923 P.2d 524, 526.

¶9. The District Court reasoned that a municipality has broad power to contract for services necessary for the effective administration of its duties under § 7-1-4124(23), MCA. The court further reasoned that the Montana Uniform Arbitration Act, §§ 27-5-111 to -324, MCA, illustrates a general state policy favoring arbitration and that there is also a strong federal policy favoring arbitration.

¶10. We agree with the District Court. Clearly the Town of Shelby has the power to enter into contracts, because Montana law specifically grants that power to municipalities. *See* § 7-1-4124(4), MCA. Additionally, a municipality may "exercise powers not inconsistent with law necessary for effective administration of authorized services and functions." Section 7-1-4124(23), MCA. These powers establish a city's ability to be bound to the terms of a contract which contains a binding arbitration clause.

¶11. The two abovementioned statutory provisions coupled with the Montana Legislature's general endorsement of binding arbitration agreements make it clear

that Montana municipalities possess the authority to contractually agree to binding arbitration as a forum or means for resolving claims arising out of a contract. We hold that the Town of Shelby had the power to enter into an agreement which includes an arbitration provision.

## Issue 2

¶12. Did the court err in requiring Safeco Insurance Company to ratify Holm-Sutherland's actions rather than substituting Safeco as the real party in interest?

¶13. On August 22, 1994, Holm-Sutherland transferred all of its assignable rights to this contract to its bond underwriter, Safeco, as collateral security to repay all loss and expense to Safeco. This transfer of rights did not become known to the Town of Shelby until January of 1998, as a result of a discovery response.

¶14. Soon thereafter, the Town moved to substitute Safeco as the real party in interest pursuant to Rule 17(a), M.R.Civ.P. The District Court instead required Safeco to ratify this action, which was accomplished. The Town of Shelby argues that Safeco should have been substituted rather than required to ratify this action. However, while the Town raises this issue, it admits that resolution of the issue makes little difference for purposes of this appeal. Additionally, Holm-Sutherland asserts that it did not convey to Safeco its entire claim against the Town of Shelby and its engineers, and thus retains an interest in this action.

¶15. Rule 17(a), M.R.Civ.P., specifically provides that "ratification . . . or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." Safeco's ratification thus relates back to the beginning of this action. We therefore treat Safeco as if it were the party originally performing each action or causing each filing by Holm-Sutherland.

¶16. We hold the court did not err in requiring ratification rather than ordering substitution.

## Issue 3

¶17. Did the court err in ruling that Holm-Sutherland did not waive its right to demand arbitration?

¶18. We review *de novo* a trial court's decision as to whether an arbitration clause has been waived. *Downey v. Christensen* (1992), 251 Mont. 386, 389, 825 P.2d 557, 559 (citing *Fisher v. A.G. Becker Paribas Inc.* (9th Cir. 1986), 791 F.2d 691, 694). See also, *Britton v. Co-op Banking Group* (9th Cir. 1990), 916 F.2d 1405, 1409, citing *Fisher*, reviewing *de novo* the same issue presented in the case at bar--whether the undisputed facts of a party's participation in litigation and delay in seeking arbitration constitute a waiver of arbitration.

¶19. Waiver may be established by express declarations or acts or may be implied by a course of action or conduct which induces the belief that the intention and purpose was waiver. *Thiel v. Johnson* (1985), 219 Mont. 271, 274, 711 P.2d 829, 832. "When parties have contracted to settle disputes through arbitration, the party asserting waiver bears a heavy burden of proof." *Downey*, 251 Mont. at 389, 825 P.2d at 559 (citing *Britton*, 916 F.2d at 1412).

¶20. In *Downey*, this Court opined that a party asserting the waiver of an arbitration right must demonstrate:

1. knowledge of the existing right to compel arbitration;

2. acts inconsistent with the right to arbitrate the dispute; and

3. prejudice to the party resisting arbitration.

*Downey,* 251 Mont. at 389, 825 P.2d at 559. *In setting forth these three factors, we did not distinguish between express and implied waiver. The Town of Shelby argues that the three factors do not apply here because Downey was an implied waiver case and this is an express waiver case. The Town asserts that where there has been an express waiver of the right to demand arbitration, it is not necessary to show prejudice to the party resisting arbitration. To that extent, it asserts that the District Court's reliance on Downey was misplaced.*

¶21. There is no allegation that Holm-Sutherland ever explicitly waived, orally or in writing, its contractual right to demand arbitration, which would normally be the means of accomplishing an express waiver of that right. *See Thiel*, 219 Mont. at 274, 711 P.2d at 832. The Town of Shelby instead asserts that Holm-Sutherland expressly

waived its right to demand arbitration by demanding a trial by jury. The Town's authority for this proposition consists of two cases: *Beverly Hills Development Corp. v. George Wimpey of Florida, Inc.* (Fla. App. 5 Dist. 1995), 661 So.2d 969, and *Gilmore v. Shearson/American Exp., Inc.* (2nd Cir. 1987), 811 F.2d 108. In each of those cases, the court ruled that the defendant had expressly waived its right to arbitrate by its inconsistent act of withdrawing its motion to compel arbitration. In the present case, however, Holm-Sutherland did not withdraw a motion to compel arbitration. We conclude that the Town of Shelby has not established that Holm-Sutherland expressly waived its right to demand arbitration.

¶22. We therefore look to whether Holm-Sutherland's actions constituted an implied waiver of the right to arbitrate under the three factors set forth in *Downey*. The presence of the first factor, knowledge of the existing right to compel arbitration, is not in dispute. The second and third factors are contested.

¶23. After Holm-Sutherland initially demanded arbitration before the American Arbitration Association, the Town of Shelby filed its complaint for an injunction, alleging that the provision concerning arbitration in the parties' contract failed to comply with Montana's statutory requirement that a contract containing an arbitration clause provide first page, underlined notice of the arbitration provision. Holm-Sutherland voluntarily appeared in that court action and filed notice of "No Objection" to a temporary injunction prohibiting arbitration.

¶24. Holm-Sutherland also included a demand for trial by jury in its answer to the complaint seeking to enjoin arbitration. Rule 38(d), M.R.Civ.P., provides that "[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." This rule has been strictly construed to mean that a party initially demanding a trial by jury may not withdraw such a demand without the consent of the other party.

The great weight of authority gives Rule 38(d), M.R.Civ.P., a literal interpretation and prohibits unilateral withdrawal of the demand for a jury trial without the consent of both parties. We hold accordingly that where one party has made a proper demand for a jury trial, the other party may rely on it. If at a later date the demanding party desires to waive the demand, the opposing party has the right to determine whether to consent to a trial before the judge or to insist upon a jury trial.

*Safeco Ins. Co. v. Lovely Agency* (1982), 200 Mont. 447, 451, 652 P.2d 1160, 1162 (citation omitted). *The Town of Shelby had a right to rely upon Holm-Sutherland's demand for jury trial.*

¶25. **Holm-Sutherland argues, however, that under** *Downey*, **the fact that it initially asserted its arbitration right as an affirmative defense is enough to defeat the allegation that it waived that right. In** *Downey***, this Court stated:**

The Downeys were on notice of Christensen's and Baker Boy's intent to rely on the arbitration clause in the franchise agreement from the outset because they explicitly included the right to arbitrate in their answers as affirmative defenses. *This factor alone sufficiently defeats a claim of waiver.*

*Downey*, 251 Mont. at 390, 825 P.2d at 559-60 (citing Michael v. SS Thanasis (N.D. Cal. 1970), 311 F. Supp.170, 181) (emphasis added).

¶26. **The** *Michael* **court did observe that some federal courts have taken the position mentioned in the emphasized statement. However, we do not read** *Michael* **or** *Downey's* **reference as standing for the proposition that, as in the case** *sub judice***, a party can simply raise arbitration as an affirmative defense in its answer and, without risking waiver, then fail to consistently press for the non-judicial remedy but, instead, embrace and engage in litigation for a lengthy period of time, demanding arbitration again only shortly before trial.**

¶27. **Moreover, unlike** *Downey***, the present case also encompasses an action separately initiated by Holm-Sutherland, in which action Holm-Sutherland did not assert its contractual right to arbitration. In November 1995, Holm-Sutherland filed a complaint and demand for jury trial against the Town of Shelby and the engineering firm for the sewer and water project, Thomas Dean & Hoskins, in the Eighth Judicial District Court, Cascade County. That action was based upon the same contract and circumstances out of which Holm-Sutherland's previous demand for arbitration arose. However, Holm-Sutherland's complaint made no demand for arbitration. Moreover, the complaint contained inextricably intertwined claims against two defendants only one of which the Town of Shelby was a party to the contract containing an arbitration clause. The damage action was eventually transferred by mutual stipulation to Toole County and was consolidated with the action previously filed by the Town of Shelby.**

¶28. **When a party instigates litigation on a contract without the mention of a right to**

arbitrate, that party presumptively waives the right to later demand arbitration pursuant to a clause in the contract. *See, e.g., Duferco Steel Inc. v. M/V Kalisti* (7th Cir. 1997), 121 F.3d 321, 326; *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.* (7th Cir. 1995), 50 F.3d 388, 390; *Worldsource Coil Coating, Inc. v. McGraw Constr. Co., Inc.* (6th Cir. 1991), 946 F.2d 473, 479; *Shinto Shipping Co. Ltd. v. Fibrex & Shipping Co., Inc.* (N.D. Cal. 1976), 425 F.Supp. 1088, 1092.

¶29. Holm-Sutherland argues that its decision to pursue litigation rather than arbitration was dictated by this Court's *Casarotto* decisions. It cites *Fisher v. A.G. Becker Paribas Inc.* (9th Cir. 1986), 791 F.2d 691, as authority that a delay of as much as three and a half years between the initiation of court action and a demand for arbitration may not be sufficient to constitute waiver of the right to demand arbitration.

¶30. As in this case, the state of the law when *Fisher* was initiated led the parties to believe that arbitration was not an option. In *Fisher*, however, the demand for arbitration was promptly made upon the reversal of the state of the law. Not so in the present case. If Holm-Sutherland was merely waiting for the law to change in order to renew its demand for arbitration, it need not have waited twenty months after the United States Supreme Court reversed this Court's *Casarotto* decision before making a demand for arbitration. Instead of demanding arbitration in a timely manner after the United States Supreme Court's *Casarotto* decision, Holm-Sutherland waited until only a few weeks before trial and then filed its motion to compel arbitration.

¶31. We conclude that under these facts and despite the statement in *Downey* referred to in ¶ 25 above, Holm-Sutherland's subsequent actions were inconsistent with its initial assertion of the right to demand arbitration. Holm-Sutherland elected to pursue a judicial remedy through the Montana court system. This decision resulted in the use of judicial resources and reasonably caused the Town of Shelby to believe that an election to forego arbitration had affirmatively been made.

¶32. The remaining factor under *Downey* is prejudice to the party resisting arbitration. In *Van Ness Townhouses v. Mar Industries Corp.* (9th Cir. 1988), 862 F.2d 754, 759, the court held that the plaintiff was prejudiced by the defendant's inconsistent acts in allowing its arbitration claim to stale for two years while pursuing litigation avenues. In *Northland Ins. Co. v. Kellogg* (Okla. App. 1995), 897 P.2d 1161, the court found prejudice to the party opposing arbitration as a result of

the actions of the party later demanding arbitration of waiting ten months to do so, requesting a jury trial, and moving for summary judgment. As a result, the right to demand arbitration was waived. An eight-month delay in asserting the right to arbitrate, coupled with the taking of five depositions, constituted prejudice to the party opposing arbitration in *S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc.* (11th Cir. 1990), 906 F.2d 1507, 1514. A Connecticut court held that engaging in robust pretrial litigation, including attending chamber conferences, participating in twice changing the date of trial, and engaging in discovery not afforded in arbitration, prejudiced the party opposing arbitration and constituted waiver of the right to arbitrate. *McDonnell v. Dean Witter Reynolds, Inc.* (D. Conn. 1985), 620 F.Supp. 152, 159.

¶33. In the instant case, Holm-Sutherland first acquiesced in the granting of an injunction prohibiting arbitration, thus communicating its decision to forego arbitration and to embrace trial. Holm-Sutherland then filed a complaint in which it entirely disregarded the right to arbitrate, instead demanding a trial by jury. The Town of Shelby was prejudiced by the unnecessary delay and expense of answering a complaint entirely superfluous to the pursuit of arbitration. Even if those acts are deemed reasonable responses to this Court's *Casarotto* opinions, Holm-Sutherland continued to actively pursue litigation instead of arbitration for some twenty months after *Casarotto* was overruled. The Town was prejudiced by having to spend both time and money in trial preparation, and by having to divulge its litigation strategies and arguments in discovery in preparation for that litigation.

¶34. We hold that the District Court erred in determining that Holm-Sutherland had not impliedly waived its contractual right to demand arbitration, and that Holm-Sutherland, through its actions, did in fact waive that right. We therefore reverse the decision of the District Court and remand this matter for further proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ THOMAS C. HONZEL

District Judge, sitting for Justice William E Hunt, Sr.