No. 01-121

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 297

LOWANNA J. FIRESTONE,

Plaintiff, Respondent and

Cross-Appellant,

v.

OASIS TELECOMMUNICATIONS,

DATA AND RECORDS, INC.,

Defendant, Appellant

and Cross-Respondent.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Antoine J. Bastien van der Meer, Stamper, Hadley & Reasor, Antlers, Oklahoma

For Respondent:

Michael J. San Souci, Attorney at Law, Bozeman, Montana

Submitted on Briefs: September 20, 2001
Decided: December 27, 2001

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 Plaintiff, LoWanna J. Firestone, filed a complaint against Defendant, Oasis Telecommunications, Data and Records, Inc., in the District Court for the Eighteenth Judicial District in Gallatin County. The complaint alleged that Oasis breached an employment contract and the implied covenant of good faith and fair dealing. Oasis filed a motion to compel arbitration of the issues raised in Firestone's complaint. Firestone filed a brief in opposition to Oasis' motion which requested an award of attorney fees and costs pursuant to Rule 11, M.R.Civ.P. The District Court denied Oasis' motion to compel arbitration and Firestone's request for attorney fees and costs.

¶2 Oasis appeals the District Court's order which denied its motion to compel arbitration. Firestone cross-appeals that portion of the District Court's order which denied her request for attorney fees and costs. We affirm the order of the District Court.

¶3 We address the following issues on appeal:

¶4 1. Did the District Court err when it denied Oasis' motion to compel arbitration?

¶5 2. Did the District Court err when it denied Firestone's request for attorney fees and costs?

¶6 3. Should this Court impose sanctions against Oasis for filing a frivolous appeal?

FACTUAL BACKGROUND

¶7 On July 16, 1999, Firestone and Oasis entered into a written employment agreement for

Firestone to work as an administrative assistant in Oasis' office in Bozeman, Montana. The employment agreement stated that Oasis could terminate Firestone for lack of work, or any other legitimate business reason; good cause; or missing over 45 work days in a calendar year. The employment agreement also contained a dispute resolution clause which provided:

4c. Dispute Resolution. In the event of any dispute, claim, alleged breach or disagreement arising from, or related to this Agreement, Oasis and Employee will, upon written notice to either one of them, negotiate with each other in good faith to resolve their differences and reach a just and equitable solution satisfactory to both of them. If they do not reach a solution within 30 days of the first written notice, then upon 30-day notice by either party to each other, they will submit the issue for settlement administered by the American Arbitration Association in accordance with the provisions of its rules in effect at the time.

¶8 On May 8, 2000, Oasis terminated Firestone's employment. Firestone, through counsel, alleged, in response, that Oasis had breached the employment agreement. What followed was a series of letters between the parties' attorneys regarding a severance package, reinstatement options, and Firestone's potential claims. On May 18, 2000, Firestone's attorney faxed a letter to Oasis which stated, "[T]his will serve as my client's formal demand for arbitration, as called for under Section 4c of the parties' agreement."

¶9 On June 7, 2000, Firestone submitted a list of potential arbitrators to Oasis for its consideration and requested that Oasis respond and indicate its preference for an arbitrator within ten days. Oasis claims that it drafted a response on June 13, 2000. However, a response was not provided to Firestone until August 11, 2000. Therefore, on July 7, 2000, Firestone filed suit against Oasis in the United States District Court for the District of Montana for breach of the employment contract and the implied covenant of good faith and fair dealing. However, pursuant to Oasis' motion and Firestone's consent, the United States District Court dismissed the action, without prejudice, for lack of subject matter jurisdiction.

¶10 On August 1, 2000, Firestone filed virtually the same suit against Oasis in the District Court for the Eighteenth Judicial District in Gallatin County. On August 25, 2000, Oasis filed a motion to compel arbitration of the issues raised in Firestone's complaint pursuant to the arbitration provision in the employment agreement. Firestone filed a brief in opposition to Oasis' motion which requested that the District Court award Firestone her

reasonable attorney fees and costs pursuant to Rule 11, M.R.Civ.P. On December 18, 2000, the District Court denied Oasis' motion to compel arbitration because Oasis failed to respond to Firestone's demand within thirty days. Further, the District Court denied Firestone's request for attorney fees and costs.

¶11 Oasis appeals the District Court's order which denied its motion to compel arbitration. Firestone cross-appeals that portion of the District Court's order which denied Firestone's request for attorney fees and costs.

## STANDARD OF REVIEW

¶12 When a district court denies a motion to compel arbitration based on its conclusion that one party waived arbitration, this Court reviews that determination de novo. *Downey v. Christensen* (1992), 251 Mont. 386, 389, 825 P.2d 557, 559. We review a district court's conclusions regarding Rule 11, M.R.Civ.P., sanctions for an abuse of discretion. *Shull v. First Interstate Bank* (1994), 269 Mont. 32, 39, 887 P.2d 193, 197.

## DISCUSSION

## ISSUE 1

¶13 Did the District Court err when it denied Oasis' motion to compel arbitration?

¶14 First, Oasis argues that Firestone's demand for arbitration did not constitute a valid request because Firestone failed to comply with the American Arbitration Association's (AAA) demand rules as mandated in the employment agreement. Oasis insists that AAA rules require that a claimant do the following to execute a proper demand: (1) prepare a demand which sets forth the nature of the dispute, the amount involved, and the remedy sought; (2) serve the demand on the other party; and (3) send a copy of the demand and a filing fee to any regional AAA office. Oasis argues that since Firestone did not make a demand in accordance with these requirements, Oasis could not have waived its right to arbitration.

¶15 On May 23, 2000, Firestone sent a letter to Oasis which stated in part:

> With respect to your apparent insistence that we utilize the AAA resolution procedures, it is my understanding that there will be a non-refundable administrative filing fee of approximately $2,000.00 due and payable by the parties to initiate this

process, exclusive of those other fees that will be assessed. Conversely, where the parties may otherwise agree on a neutral arbitrator (usually a retired judge), it has been my experience that such up-front fees are generally not required. You should also be mindful of the AAA "notification" procedure, whereby the employer is required to give advance notice of, and obtain advance approval of, its proposed resolution process. I can only assume that Oasis has never done so. If this is the case, I believe the AAA expressly reserves its right to "decline" its services. With all of the above in mind, I cannot fathom what can possibly be gained by your request for AAA involvement, as opposed to our mutually agreeing on an outside arbitrator.

In a response on June 5, 2000, Oasis stated that it was receptive to retaining the services of a neutral arbitrator. Further, Oasis' letter of June 13, 2000, which Firestone did not receive until August 2000, stated:

> Oasis has been receptive, since the first time you mentioned it, to your request that it and [Firestone] appoint a neutral arbitrator, such as a retired judge, instead of having one appointed by the AAA by means of an AAA arbitration proceeding.

¶16 Firestone provided Oasis with a conspicuous notice of its arbitration demand and ample time to respond. If, contrary to its pre-litigation representations, Oasis had a problem with Firestone's arbitration demand, Oasis should have voiced its concerns within the thirty-day time period required by its own employment contract. Oasis not only failed to respond but gave Firestone every reason to believe that compliance with the AAA three-step process would be unnecessary. Therefore, we conclude that literal compliance with the technical requirements for demanding arbitration was waived.

¶17 When it considered Oasis' motion to compel arbitration, the District Court looked to the arbitration provision in the employment agreement. The District Court noted the "thirty-day notice by either party" language in the arbitration provision. The District Court found that Firestone presented Oasis with an arbitration demand which Oasis failed to respond to within thirty days. Therefore, when the District Court denied Oasis' motion to compel arbitration, it impliedly found that Oasis' failure to respond also waived its right to arbitrate the dispute.

¶18 Waiver may be established by express declarations or acts or may be implied by a course of action or conduct which induces the belief that the intention and purpose was waiver. *Holm-Sutherland Co., Inc. v. Town of Shelby*, 1999 MT 150, ¶ 19, 295 Mont. 65, ¶

19, 982 P.2d 1053, ¶ 19. When parties have contracted to settle disputes through arbitration, the party asserting waiver normally bears a heavy burden of proof. *Downey*, 251 Mont. at 389, 825 P.2d at 559. The party asserting waiver must demonstrate: (1) knowledge of the existing right to compel arbitration; (2) acts inconsistent with the right to arbitrate the dispute; and (3) prejudice to the party resisting arbitration. *Downey*, 251 Mont. at 389, 825 P.2d at 559.

¶19 Normally, an express waiver of the right to demand arbitration occurs orally or in writing. *See Holm-Sutherland*, ¶ 21. Firestone has never alleged that Oasis effectuated an express waiver of its right to demand arbitration. Therefore, we must determine whether Oasis' actions constituted an implied waiver pursuant to the *Downey* factors. Neither party disputes the presence of the first factor, i.e., Oasis' knowledge of the existing right to compel arbitration. However, Oasis contests the existence of the second and third *Downey* factors.

¶20 Amidst the flurry of correspondence between both parties was a letter from Firestone to Oasis on May 18, 2000. In part, the letter stated:

> [T]his will serve as my client's formal demand for arbitration, as called for under Section 4c of the parties' agreement. Given the virtual deadlock in the parties' respective views, and the failure of our efforts at informal resolution thus far, there is no good reason to further delay, or restrict, my client's ability to enforce her rights. It is indeed unfortunate that we will be unable to find a common ground, and a continued letter writing campaign between us will serve no purpose.

Based on our previous conclusion that literal compliance with AAA requirements for making a demand was waived, we conclude that the May 18, 2000, notice commenced the thirty-day period prescribed by the employment agreement. Further, in a June 7, 2000, letter to Oasis, Firestone provided a list of prospective arbitrators and requested that Oasis respond with its preference. This letter also stated:

In the event I do not receive your designation(s) within ten days of this letter, we will consider this as the equivalent of a waiver or default of Oasis' right to the arbitration remedy and, in connection therewith, I will have no alternative but to recommend that my client proceed directly with the filing and service of an appropriate district court action for any claims she may possess.

¶21 Oasis did not deliver its response to Firestone until August 11, 2000, a date well beyond the expiration of the thirty-day period. Certainly, Oasis' perceived indifference to Firestone's request constituted an act inconsistent with the right to arbitrate Firestone's dispute.

¶22 The remaining *Downey* factor is prejudice to the party resisting arbitration. This Court examines inconsistent acts on a case by case basis to determine if they are prejudicial. *Downey*, 251 Mont. at 391, 825 P.2d at 560. When Oasis failed to respond to Firestone's inquiry, Firestone had no alternative other than to commence district court proceedings, was subjected to an unnecessary delay, and incurred court costs and fees which could otherwise have been avoided. Accordingly, we conclude that Firestone was prejudiced by Oasis' inaction. Consequently, the District Court did not err when it denied Oasis' motion to compel arbitration.

ISSUE 2

¶23 Did the District Court err when it denied Firestone's request for attorney fees and costs?

¶24 Firestone contends that Oasis' lack of response and subsequent motion to compel arbitration created an unnecessary delay and needlessly increased the cost of litigation sufficient to warrant Firestone's recovery of attorney fees and costs pursuant to Rule 11, M.R.Civ.P.

¶25 Rule 11, M.R.Civ.P., provides:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction . . . .

This Court gives a district court broad discretion to determine whether the factual circumstances of a particular case amount to frivolous or abusive litigation tactics. *Friends of the Wild Swan v. Department of Natural Resources and Conservation*, 2000 MT 209, ¶ 58, 301 Mont. 1, ¶ 58, 6 P.3d 972, ¶ 58.

¶26 Oasis filed two affidavits in support of its motion to compel arbitration in an effort to explain its late response to Firestone's arbitration demand. Both affidavits stated that Oasis indeed drafted its response on June 13, 2000, but failed to deliver the response through inadvertence and mistake. Nothing in the record suggests Oasis' motion to compel arbitration was frivolous or amounted to abusive litigation tactics. While Oasis' perceived indifference did suffice to waive its right to arbitration, it did not rise to the level of conduct "interposed for an improper purpose" as required for Rule 11 sanctions. Therefore, we conclude that the District Court did not err when it denied Firestone's request for attorney fees and costs.

## ISSUE 3

¶27 Should this Court impose sanctions against Oasis for filing a frivolous appeal?

¶28 Firestone argues that the prejudice she has suffered as a result of the delay and unwarranted litigation expense has "been further compounded by [Oasis'] dogged pursuit of this appeal." Therefore, Firestone requests that this Court award Firestone her attorney fees and costs attributable to this appeal pursuant to Rule 32, M.R.App.P.

¶29 Rule 32, M.R.App.P., states that "[i]f the supreme court is satisfied from the record and the presentation of the appeal . . . that the [appeal] . . . was taken without substantial or reasonable grounds, . . . damages may be assessed . . . ." Where a reasonable ground for appeal exists no sanctions under Rule 32, M.R.App.P., will be imposed. *Shull*, 269 Mont. at 39, 887 P.2d at 197-98. In this case, based on the record, we are not satisfied that Oasis' appeal was taken without substantial or reasonable grounds. Therefore, we conclude that sanctions against Oasis are not appropriate.

¶30 The order of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER

/S/ JIM REGNIER

Justice Jim Rice specially concurring.

¶31 I concur with the Court's holding on all three issues herein, but would adopt a different rationale for affirming on Issue 1.

¶32 Oasis argues that Firestone's letters demanding arbitration did not constitute a proper demand under AAA rules. Rejecting this argument, the Court holds that Oasis waived compliance with AAA requirements for demanding arbitration because Oasis gave Firestone every reason to believe that compliance with the requirements would be unnecessary. ¶ 16. My reading of Oasis' employment contract is that, contrary to Oasis' contention, compliance with AAA requirements was not necessary in order to invoke the arbitration process. The contract stated:

> [U]pon 30-day notice by either party to each other, they will submit the issue for settlement administered by the American Arbitration Association in accordance with the provisions of its rules in effect at the time.

To start the process, the contract required only that Firestone give Oasis a 30-day notice of her desire to arbitrate. After such notice, the contract placed a mutual obligation upon both parties to submit the matter to AAA, in accordance with its rules, within 30 days. Thus, the contract imposed AAA requirements on the mutual submission to AAA and the resolution process - not on the unilateral 30 day notice which triggered the process. Thus, Oasis cannot argue that Firestone's notice was insufficient under AAA rules, because the contract did not impose that requirement.

¶33 After receiving Firestone's 30-day notice requesting arbitration, Oasis failed to timely respond in accordance with the obligations of its own contract, and therefore breached it. Oasis' actions were inconsistent with the right to arbitrate and prejudiced Firestone. Firestone could not fulfill a mutual obligation on her own, and was deprived of the rights granted to her under the contract, including an agreed timetable which was to move her claim to a prompt conclusion. Therefore, I find that Oasis waived its right to compel

arbitration under the agreement.

/S/ JIM RICE

Justice James C. Nelson concurring:

While I concur with the Court's analysis and resolution of Issue 1, I also agree with the rationale of Justice Rice's concurrence.

/S/ JAMES C. NELSON

Chief Justice Karla M. Gray, concurring in part and dissenting in part.

¶34 While I join the Court's opinion on issues two and three, I respectfully dissent from that opinion on issue one. I would reverse the District Court's denial of Oasis' motion to compel arbitration.

¶35 First, I disagree with the Court's conclusion that Firestone's compliance with the requirements for a demand for arbitration was waived by Oasis. The Court properly lists the specific requirements to execute a proper demand and then concedes that Firestone did not comply with those requirements. I agree and, on that basis, I conclude Oasis had no duty to respond to an improper demand for arbitration and, therefore, could not have waived its right to arbitration on that basis.

¶36 More importantly, I strenuously disagree with the Court's conclusion that Oasis impliedly waived its right to compel arbitration under *Holm-Sutherland* and *Downey*. It is important to note at the outset that Firestone, as the party asserting a waiver of arbitration right by Oasis, is obligated to demonstrate the three *Downey* factors: 1) knowledge of the right to compel arbitration; 2) acts inconsistent with that right; and 3) prejudice to Firestone. *See Holm-Sutherland*, ¶ 20 (citation omitted). There is no question here that Oasis knew of its right to compel arbitration and that Firestone has demonstrated the first factor.

¶37 I submit, however, that Firestone fails to establish the second and third *Downey* factors in this case. With regard to acts by Oasis "inconsistent with the right to arbitrate the dispute" (*Downey*, 251 Mont. at 389, 825 P.2d at 559), the best the Court can come up with is Oasis' failure to respond to Firestone's purported demand for arbitration until

August 11, 2000, an act the Court characterizes as Oasis' "perceived indifference" to the request to arbitrate. In the first place, Oasis' August 11 response--without regard to whether it had earlier responded--was clear that Oasis was asserting its right to arbitrate. Moreover, Oasis' initial response to Firestone's August 1 District Court complaint was a motion to compel arbitration. These are not acts inconsistent with Oasis' right to arbitrate under either *Holm-Sutherland* or *Downey.*

¶38 In *Holm-Sutherland*, Holm-Sutherland included its right to arbitrate as an affirmative defense and then failed to consistently press for that nonjudicial remedy. It also demanded a jury trial, filed a separate action arising out of the same contract and circumstances without raising the arbitration issue, and engaged in the litigation process for a lengthy period of time, "demanding arbitration again only shortly before trial." *Holm-Sutherland,* ¶¶ 24, 26, 27. We properly concluded on those facts that the actions subsequent to initial assertion of the right to demand arbitration were inconsistent with that initial assertion of the right. *Holm-Sutherland*, ¶ 31. We have no such facts or acts before us here. Not a single action by Oasis was, or even reasonably could be construed as, an act inconsistent with its right to demand arbitration.

¶39 Moreover, in *Downey*, one of the defendants asserted the right to arbitrate as an affirmative defense, engaged in discovery seeking information about whether the plaintiffs were contesting the validity of the entire agreement or merely the arbitration clause, answered on the merits, and asserted a counterclaim. *Downey*, 251 Mont. at 390-91, 825 P.2d at 559-60. We held that these acts, "without more, [were] insufficient to constitute waiver." *Downey*, 251 Mont. at 291, 825 P.2d at 560 (citations omitted). In the present case, Oasis asserted its right to arbitrate in its August 11 letter and in its initial response to Firestone's District Court complaint. These acts are not, on their face or under *Downey*, inconsistent with Oasis' right to arbitrate.

¶40 Finally, Firestone also fails to demonstrate the third *Downey* factor, namely, prejudice. I agree with the Court that we examine prejudice on a case by case basis. The Court concludes that Oasis' failure to timely respond to Firestone's "inquiry" left Firestone with "no alternative" to filing a District Court complaint, which subjected her to unnecessary delay and caused her to incur court costs and fees. In the Court's view, this is sufficient for Firestone to demonstrate prejudice. The Court cites to no authority for its conclusion and certainly nothing in *Holm-Sutherland* or *Downey* supports it.

¶41 In *Holm-Sutherland*, we concluded that prejudice had been established by the Town of

Shelby through Holm-Sutherland's initial acquiescence in the granting of an injunction prohibiting arbitration, filing of a complaint demanding a jury trial, active pursuit of litigation for some 20 months after a prior case on which it relied had been overruled, and by the Town's time and money spent in actual trial preparation and discovery. *Holm-Sutherland*, ¶ 33. We buttressed our conclusion by discussing cases finding prejudice where acts inconsistent with a right to arbitrate continued for two years while litigation avenues were pursued (*Van Ness Townhouses v. Mar Industries Corp.* ( 9th Cir. 1988), 862 F.2d 754, 759); where the party ultimately asserting a right to arbitration waited 10 months to do so, requested a jury trial, and moved for summary judgment (*Northland Ins. Co. v. Kellogg* (Okla. App. 1995), 897 P.2d 1161); where there was an eight-month delay in asserting the right to arbitrate, together with the taking of five depositions (*S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc.* (11th Cir. 1990), 906 F.2d 1507, 1514); and where the party asserting the right to arbitrate engaged in robust pretrial litigation, attended chamber conferences, twice participated in changing the trial date and engaged in discovery (*McDonnell v. Dean Witter Reynolds, Inc.* (D.Conn. 1985), 620 F.Supp. 152, 159. *Holm-Sutherland*, ¶ 32. None of those facts is before us here.

¶42 In the present case, Firestone left Oasis' employ on May 8, 2000. She and Oasis tried to work out a resolution for a time, the purported demand letter was sent and Oasis responded on August 11, 2000. On August 1, 2000, Firestone filed her District Court complaint and, on August 25, 2000, Oasis moved to compel arbitration. In other words, Oasis' letter response indicating it would proceed to arbitration followed the termination of Firestone's employment by only three months and the entire lapse of time between that termination of employment and Oasis' motion to compel--which was preceded by no other litigation-related actions by Oasis--was approximately three and one-half months. Indeed, Firestone could have shortened the total time lapse and presumably saved time and money by filing her complaint in the proper court in the first instance, rather than in the federal court which lacked jurisdiction. In my view, Firestone has totally failed to establish the prejudice which is part of her "heavy burden of proof" in establishing Oasis' waiver of its right to arbitrate. *See Downey*, 251 Mont. at 389, 825 P.2d at 559 (citation omitted).

¶43 I would reverse the District Court's denial of Oasis' motion to compel arbitration on the basis that Firestone has failed to meet her burden under *Downey*. To do otherwise is to ignore both the party's employment contract and our cases. I dissent.

/S/ KARLA M. GRAY

Justice W. William Leaphart joins in the foregoing concurring and dissenting opinion.

/S/ W. WILLIAM LEAPHART