NO. 91-305

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

JOHN MIKE DOWNEY, PATRICE DOWNEY,
THOMAS DOWNEY, AND THE DONUT HOLE,

      Plaintiffs and Respondents,

  -vs-

DENVER CHRISTENSEN AND
BAKER BOY BAKE SHOPS, INC.,

      Defendants and Appellants.

FILED

JAN 2 8 1992

CLE... OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Second Judicial District,
                In and for the County of Silver Bow,
                The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

           Marshal L. Mickelson; Corette, Pohlman,
           Allen, Black & Carlson, Butte, Montana,
           Michael J. Maus; Howe, Hardy, Galloway & Maus,
           Dickinson, North Dakota.

      For Respondents:

           Curtis Thompson and Sue Ann Love; Jardine,
           Stephenson, Blewett & Weaver, Great Falls, Montana.

Submitted on Briefs: November 14, 1991

Decided: January 28, 1992

Filed:

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by Denver Christensen and Baker Boy Bake Shops, Inc. (Baker Boy) from a June 4, 1991, Order of the Second Judicial District Court, Silver Bow County, denying their motions to compel arbitration of the claim filed by John, Patrice, and Thomas Downey and The Donut Hole (the Downeys). We reverse.

Christensen and Baker Boy present the following issue for our review: Did the District Court err in failing to compel the parties to submit their claims to arbitration?

Baker Boy is a North Dakota corporation which offers and sells The Donut Hole franchises in various states including Montana. The Downeys entered into a franchise agreement with Baker Boy on February 21, 1987, agreeing to open and operate a The Donut Hole franchise in Butte, Montana. Christensen was employed by Baker Boy assisting new franchisees in business operations. Christensen allegedly helped procure the franchise agreement entered into between the Downeys and Baker Boy.

The Downeys operated The Donut Hole in Butte from approximately January of 1988 through December 31, 1990, in a building they leased from Baker Boy. The Downeys ceased operations after Baker Boy evicted them from the leased premises for non-payment of rent.

The Downeys filed a complaint against Christensen and Baker Boy on November 1, 1990. The Downeys presented a number of claims alleging fraud, breach of the implied covenant of good faith and fair dealing, breach of contract, and negligence. These claims

stemmed from the franchise agreement entered into between the Downeys and Baker Boy.

Immediately upon serving the complaint on Christensen and Baker Boy, the Downeys began discovery by serving requests for production on Christensen and Baker Boy. Both Christensen and Baker Boy responded to the Downeys' first discovery requests.

Christensen and Baker Boy separately answered the complaint on the merits and each asserted the following affirmative defenses:

> As an affirmative defense, Baker Boy alleges that by agreement between the parties' [sic] disputes as alleged herein must be resolved by arbitration and, therefore, the [c]ourt does not have jurisdiction.

> This court lacks subject matter jurisdiction as the franchise agreement requires disputes such as those alleged to be resolved by arbitration;

Baker Boy also filed a counterclaim and amended counterclaim against the Downeys alleging breach of the franchise agreement and breach of the leasehold agreement.

After responding to the Downeys' discovery requests, Christensen and Baker Boy initiated discovery proceedings. Christensen served interrogatories and requests for production on the Downeys and Baker Boy served requests for admission on the Downeys. The Downeys responded to both requests. During this exchange of written discovery, depositions were scheduled and noticed but never taken.

After the Downeys served their second request for discovery on Baker Boy, both Christensen and Baker Boy filed motions to compel arbitration and stay proceedings. Baker Boy failed to respond to the Downeys' latest discovery requests because of these pending

3

motions.  The District Court denied Christensen's and Baker Boy's motions to compel arbitration.  Christensen and Baker Boy jointly appeal.

I.

Did the District Court err in failing to compel the parties to submit their claims to arbitration?

The written franchise agreement governing the parties' relationship provides:

> [T]he parties agree that any and all disputes between them, and any claim by either party that cannot be amicably settled, shall be determined solely and exclusively by arbitration in accordance with the rules of the American Arbitration Association or any successor thereof.

Clearly, this arbitration clause requires the parties to submit the instant controversy to arbitration rather than civil litigation. However, the District Court concluded that both Christensen and Baker Boy waived arbitration by participating in discovery resulting in prejudice to the Downeys.  Finding waiver, the court concluded that the matter was properly before it.  We disagree and therefore reverse with instructions that the District Court order arbitration.

The Federal Arbitration Act governs the arbitration clause at issue in this case since the transaction between Baker Boy and the Downeys was one involving commerce.  9 U.S.C. § 2; Vukasin v. D.A. Davidson & Co. (1990), 241 Mont. 126, 785 P.2d 713.  The underlying motions to compel arbitration were properly before the Second Judicial District Court, Silver Bow County, Montana, because state district courts have jurisdiction under the Federal Arbitration Act

4

to order arbitration. Passage v. Prudential-Bache Sec., Inc. (1986), 223 Mont. 60, 727 P.2d 1298; Southland Corp. v. Keating (1984), 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1. When a district court denies a motion to compel arbitration based on the premise that one party waived arbitration, this Court reviews such determination de novo. Fisher v. A.G. Becker Paribas Inc. (9th Cir. 1986), 791 F.2d 691, 693.

When parties have contracted to settle disputes through arbitration, the party asserting waiver bears a heavy burden of proof. Britton v. Co-Op Banking Group (9th Cir. 1990), 916 F.2d 1405, 1412; Fisher, 791 F.2d at 694. That party must demonstrate: (1) knowledge of the existing right to compel arbitration; (2) acts inconsistent with the right to arbitrate the dispute; and (3) prejudice to the party resisting arbitration. Britton, 916 F.2d at 1412; Fisher, 791 F.2d at 694.

In the case at bar, the parties do not dispute that Christensen and Baker Boy knew of their existing right to arbitrate. However, the Downeys assert that Christensen and Baker Boy acted inconsistently with their right to arbitrate to the Downeys' prejudice constituting waiver.

Christensen and Baker Boy seek reversal of the District Court's order denying their motions to compel arbitration for the following reasons: (1) each asserted its right to arbitration as an affirmative defense in its answer; (2) neither waived its right to arbitrate the dispute by participating in discovery; and (3) the Downeys were not prejudiced by Christensen's and Baker Boy's

5

participation in discovery.

The Downeys allege the following inconsistencies demonstrating waiver: **(1)** Christensen's and Baker Boy's filing of formal answers rather than motions to dismiss or stay proceedings; (2) Baker Boy's filing of a counterclaim; **(3)** Christensen's and Baker Boy's participation in preparing a discovery schedule: and **(4)** Christensen's and Baker Boy's participation in discovery before they filed motions to compel arbitration. The Downeys contend that these acts prejudiced them since Christensen and Baker Boy benefitted from the Downeys' substantial compliance with Christensen's and Baker Boy's discovery requests without affording similar benefits on the Downeys.

The Downeys were on notice of Christensen's and Baker Boy's intent to rely on the arbitration clause in the franchise agreement from the outset because they explicitly included this right to arbitrate in their answers as affirmative defenses. This factor alone sufficiently defeats a claim of waiver. G.B. Michael and Genossenschaftkraftfutterwerk, Corp. v. SS Thanasis (N.D. Cal. **1970), 311** F.Supp. **170, 181.** However, further discussion is warranted since the Downeys claim prejudice via Christensen's and Baker Boy's use of discovery.

First, to succeed in proving waiver, the Downeys were required to prove Christensen and Baker Boy acted inconsistently with their right to arbitrate. Since the Downeys complained of fraudulent inducement of the franchise agreement, it was not unreasonable nor inconsistent with its right to arbitrate, for Baker Boy to engage

in discovery to determine whether the Downeys contested the validity of the entire agreement or merely the arbitration clause in the agreement. It is well settled that the district court has jurisdiction only if fraud in the inducement of the arbitration clause is in issue. If the validity of the entire agreement is in issue, the dispute must be submitted to arbitration. Vukasin, 241 Mont. at 132, 785 P.2d at 717; Prima Paint Corp. v. Flood & Conklin Mfg. Co. (1967), 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270.

Proceeding under this authority, Baker Boy's engagement in pre-arbitration discovery seeking information regarding specific details of the Downeys' claims was legitimate and cannot be considered inconsistent with its right to arbitrate. Hilti, Inc. v. Oldach (1st Cir. 1968), 392 F.2d 368, 371. Answering on the merits, asserting a counterclaim, and participating in discovery, without more, is insufficient to constitute waiver. Demsey & Assoc. v. *S.S.* Sea Star (2d Cir. 1972), 461 F.2d 1009, 1018.

Christensen engaged in broader discovery than did Baker Boy by submitting extensive interrogatories and requests for production to the Downeys which sought more information than necessary to determine the existence of the right to arbitrate. This discovery was excessive and inconsistent with Christensen's right to arbitrate since he sought more information than necessary to determine the extent of the Downeys' claims.

Second, as the party resisting arbitration, the Downeys possessed the burden of proving that any such inconsistent actions by Christensen or Baker Boy were prejudicial to demonstrate waiver.

7

Demsey & Assoc., 461 F.2d at 1018. Inconsistent acts are examined on a case by case basis to determine if they are prejudicial. Stifel, Nicolaus & Co. Inc. v. Freeman (8th Cir. 1991), 924 F.2d 157, 159. The Downeys have failed to demonstrate prejudice from Christensen's or Baker Boy's actions.

The Downeys base their plea of prejudice on the fact that they have complied with Christensen's and Baker Boy's discovery requests in full, while Christensen and Baker Boy have not afforded a similar benefit. Since Baker Boy's discovery requests were not inconsistent with its right to arbitrate, prejudice is not in issue as to this appellant. In any event, Baker Boy's refusal is harmless since Baker Boy agrees to answer the Downeys' latest discovery requests if this case is submitted to arbitration.

We have examined Christensen's discovery request and the answers given the Downeys. We have concluded that no information prejudicial to the Downeys in their arbitration proceeding was obtained by those discovery requests. The Downeys base their entire claim of prejudice on Baker Boy's failure to respond to discovery. In contrast, the Downeys have not presented any factual basis to demonstrate prejudice as to Christensen.

Throughout these proceedings Christensen and Baker Boy have reminded the Downeys of their intention to rely on the arbitration provision of the franchise agreement as a defense to remove the instant case from the jurisdiction of the District Court. Christensen's and Baker Boy's participation in discovery did not cause prejudice sufficient to constitute waiver since Christensen

and Baker Boy gave timely notice to the Downeys. Benoay v. Prudential-Bache Sec., Inc. (11th Cir. **1986), 805 F.2d 1437.** The Downeys were on notice from the outset and, as a result, any actions they took regarding discovery were taken at their own risk.

Since the Downeys have failed to demonstrate that both Christensen and Baker Boy acted inconsistently with their right to arbitrate or that any inconsistent actions constituted prejudice, waiver does not apply. Therefore, the order of the District Court denying Christensen's and Baker Boy's motions to compel arbitration is reversed. This case is remanded to the District Court with directions to order all arbitrable claims submitted to arbitration.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

9

Justice William E. Hunt, Sr., dissenting.

I dissent.

The defendants waived their right to arbitration because their actions were inconsistent with their right to arbitrate. The defendants knew they had a right to arbitrate, but elected to proceed through the judicial system. Upon filing of the complaint, defendants could have made a Rule 12(b) motion to dismiss or to stay the proceedings pending arbitration pursuant to 9 U.S.C. § 3 (1987). Instead, the defendants elected to file an answer, with Baker Boy also filing a counterclaim, thereby voluntarily subjecting themselves to the judicial forum.

In addition, the defendants also chose to engage in the discovery process for over six months. They participated in the setting of a discovery schedule, as well as agreeing that the court could set a trial date upon filing a notice of issue. Christensen sent a 48 page set of discovery requests to the Downeys. The Downeys responded to all 76 interrogatories and delivered approximately 950 pages of records and documents. The defendants also began scheduling depositions. All of these actions taken by the defendants were inconsistent with their right to arbitrate.

I also believe the Downeys will be prejudiced by removing the case to arbitration where discovery is not available. While proceeding through the judicial forum, defendants availed themselves of the privileges and protections of Montana's Rules of Civil Procedure relating to discovery. By removing this case to

arbitration, the Downeys will not be afforded the same luxury. The defendants have refused to respond to the Downeys' discovery requests and only moved for arbitration after the Downeys initiated their discovery. This places the Downeys at an extreme disadvantage. These actions not only prejudice the Downeys, they also represent an abuse of the judicial system. I would affirm the order of the District Court.

_____
Justice

I concur in the foregoing dissent of Justice Hunt.

_____
Justice

11

January 28, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Marshall Mickelson
CORE'ITE, POHLMAN, ALLEN, BLACK & CARLSON
P.O. Box 509
Butte, MT 59703

Michael J. Maus
Howe, Hardy, Galloway & Maus
P.O. Box 370
Dickinson, ND 58601

Sue Ann Love and Curtis G. Thompson
JARDINE, STEPHENSON, BLEWETT & WEAVER, P.C.
P.O. Box 2269
Great Falls, MT 59403-2269

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
　　　Deputy