JUSTICE TRIEWEILER
delivered the Opinion of the Court.
¶1 Plaintiff, LoWanna J. Firestone, filed a complaint against Defendant, Oasis Telecommunications, Data and Records, Inc., in the District Court for the Eighteenth Judicial District in Gallatin County. The complaint alleged that Oasis breached an employment contract *471 and the implied covenant of good faith and fair dealing. Oasis filed a motion to compel arbitration of the issues raised in Firestone’s complaint. Firestone filed a brief in opposition to Oasis’ motion which requested an award of attorney fees and costs pursuant to Rule 11, M.R.Civ.P. The District Court denied Oasis’ motion to compel arbitration and Firestone’s request for attorney fees and costs.
¶2 Oasis appeals the District Court’s order which denied its motion to compel arbitration. Firestone cross-appeals that portion of the District Court’s order which denied her request for attorney fees and costs. We affirm the order of the District Court.
¶3 We address the following issues on appeal:
¶4 1. Did the District Court err when it denied Oasis’ motion to compel arbitration?
¶5 2. Did the District Court err when it denied Firestone’s request for attorney fees and costs?
¶6 3. Should this Court impose sanctions against Oasis for filing a frivolous appeal?
FACTUAL BACKGROUND
¶7 On July 16, 1999, Firestone and Oasis entered into a written employment agreement for Firestone to work as an administrative assistant in Oasis’ office in Bozeman, Montana. The employment agreement stated that Oasis could terminate Firestone for lack of work, or any other legitimate business reason; good cause; or missing over 45 work days in a calendar year. The employment agreement also contained a dispute resolution clause which provided:
4c. Dispute Resolution. In the event of any dispute, claim, alleged breach or disagreement arising from, or related to this Agreement, Oasis and Employee will, upon written notice to either one of them, negotiate with each other in good faith to resolve their differences and reach a just and equitable solution satisfactory to both of them. If they do not reach a solution within 30 days of the first written notice, then upon 30-day notice by either party to each other, they will submit the issue for settlement administered by the American Arbitration Association in accordance with the provisions of its rules in effect at the time.
¶8 On May 8, 2000, Oasis terminated Firestone’s employment. Firestone, through counsel, alleged, in response, that Oasis had breached the employment agreement. What followed was a series of letters between the parties’ attorneys regarding a severance package, reinstatement options, and Firestone’s potential claims. On May 18, *472 2000, Firestone’s attorney faxed a letter to Oasis which stated, “[T]his will serve as my client’s formal demand for arbitration, as called for under Section 4c of the parties’ agreement.”
¶9 On June 7, 2000, Firestone submitted a list of potential arbitrators to Oasis for its consideration and requested that Oasis respond and indicate its preference for an arbitrator within ten days. Oasis claims that it drafted a response on June 13, 2000. However, a response was not provided to Firestone until August 11, 2000. Therefore, on July 7, 2000, Firestone filed suit against Oasis in the United States District Court for the District of Montana for breach of the employment contract and the implied covenant of good faith and fair dealing. However, pursuant to Oasis’ motion and Firestone’s consent, the United States District Court dismissed the action, without prejudice, for lack of subject matter jurisdiction.
¶10 On August 1,2000, Firestone filed virtually the same suit against Oasis in the District Court for the Eighteenth Judicial District in Gallatin County. On August 25, 2000, Oasis filed a motion to compel arbitration of the issues raised in Firestone’s complaint pursuant to the arbitration provision in the employment agreement. Firestone filed a brief in opposition to Oasis’ motion which requested that the District Court award Firestone her reasonable attorney fees and costs pursuant to Rule 11, M.R.Civ.P. On December 18, 2000, the District Court denied Oasis’ motion to compel arbitration because Oasis failed to respond to Firestone’s demand within thirty days. Further, the District Court denied Firestone’s request for attorney fees and costs. ¶11 Oasis appeals the District Court’s order which denied its motion to compel arbitration. Firestone cross-appeals that portion of the District Court’s order which denied Firestone’s request for attorney fees and costs.
STANDARD OF REVIEW
¶12 When a district court denies a motion to compel arbitration based on its conclusion that one party waived arbitration, this Court reviews that determination de novo. Downey v. Christensen (1992), 251 Mont. 386, 389, 825 P.2d 557, 559. We review a district court’s conclusions regarding Rule 11, M.R.Civ.P., sanctions for an abuse of discretion. Shull v. First Interstate Bank (1994), 269 Mont. 32, 39, 887 P.2d 193, 197.
DISCUSSION
ISSUE 1
¶13 Did the District Court err when it denied Oasis’ motion to compel *473 arbitration?
¶14 First, Oasis argues that Firestone’s demand for arbitration did not constitute a valid request because Firestone failed to comply with the American Arbitration Association’s (AAA) demand rules as mandated in the employment agreement. Oasis insists that AAA rules require that a claimant do the following to execute a proper demand: (1) prepare a demand which sets forth the nature of the dispute, the amount involved, and the remedy sought; (2) serve the demand on the other party; and (3) send a copy of the demand and a filing fee to any regional AAA office. Oasis argues that since Firestone did not make a demand in accordance with these requirements, Oasis could not have waived its right to arbitration.
¶15 On May 23,2000, Firestone sent a letter to Oasis which stated in part:
With respect to your apparent insistence that we utilize the AAA resolution procedures, it is my understanding that there will be a non-refundable administrative filing fee of approximately $2,000.00 due and payable by the parties to initiate this process, exclusive of those other fees that will be assessed. Conversely, where the parties may otherwise agree on a neutral arbitrator (usually a retired judge), it has been my experience that such upfront fees are generally not required. You should also be mindful of the AAA “notification” procedure, whereby the employer is required to give advance notice of, and obtain advance approval of, its proposed resolution process. I can only assume that Oasis has never done so. If this is the case, I believe the AAA expressly reserves its right to “decline” its services. With all of the above in mind, I cannot fathom what can possibly be gained by your request for AAA involvement, as opposed to our mutually agreeing on an outside arbitrator.
In a response on June 5, 2000, Oasis stated that it was receptive to retaining the services of a neutral arbitrator. Further, Oasis’ letter of June 13, 2000, which Firestone did not receive until August 2000, stated:
Oasis has been receptive, since the first time you mentioned it, to your request that it and [Firestone] appoint a neutral arbitrator, such as a retired judge, instead of having one appointed by the AAA by means of an AAA arbitration proceeding.
¶16 Firestone provided Oasis with a conspicuous notice of its arbitration demand and ample time to respond. If, contrary to its prelitigation representations, Oasis had a problem with Firestone’s *474 arbitration demand, Oasis should have voiced its concerns within the thirty-day time period required by its own employment contract. Oasis not only failed to respond but gave Firestone every reason to believe that compliance with the AAA three-step process would be unnecessary. Therefore, we conclude that literal compliance with the technical requirements for demanding arbitration was waived.
¶17 When it considered Oasis’ motion to compel arbitration, the District Court looked to the arbitration provision in the employment agreement. The District Court noted the “thirty-day notice by either party” language in the arbitration provision. The District Court found that Firestone presented Oasis with an arbitration demand which Oasis failed to respond to within thirty days. Therefore, when the District Court denied Oasis’ motion to compel arbitration, it impliedly found that Oasis’ failure to respond also waived its right to arbitrate the dispute.
¶18 Waiver may be established by express declarations or acts or may be implied by a course of action or conduct which induces the belief that the intention and purpose was waiver. Holm-Sutherland Co., Inc. v. Town of Shelby, 1999 MT 150, ¶ 19,295 Mont. 65, ¶ 19, 982 P.2d 1053, ¶ 19. When parties have contracted to settle disputes through arbitration, the party asserting waiver normally bears a heavy burden of proof. Downey, 251 Mont. at 389, 825 P.2d at 559. The party asserting waiver must demonstrate: (1) knowledge of the existing right to compel arbitration; (2) acts inconsistent with the right to arbitrate the dispute; and (3) prejudice to the party resisting arbitration. Downey, 251 Mont. at 389, 825 P.2d at 559.
¶19 Normally, an express waiver of the right to demand arbitration occurs orally or in writing. See Holm-Sutherland, ¶ 21. Firestone has never alleged that Oasis effectuated an express waiver of its right to demand arbitration. Therefore, we must determine whether Oasis’ actions constituted an implied waiver pursuant to the Downey factors. Neither party disputes the presence of the first factor, i.e., Oasis’ knowledge of the existing right to compel arbitration. However, Oasis contests the existence of the second and third Downey factors.
¶20 Amidst the flurry of correspondence between both parties was a letter from Firestone to Oasis on May 18, 2000. In part, the letter stated:
[T]his will serve as my client’s formal demand for arbitration, as called for under Section 4c of the parties’ agreement. Given the virtual deadlock in the parties’ respective views, and the failure of our efforts at informal resolution thus far, there is no good *475 reason to further delay, or restrict, my client’s ability to enforce her rights. It is indeed unfortunate that we will be unable to find a common ground, and a continued letter writing campaign between us will serve no purpose.
Based on our previous conclusion that literal compliance with AAA requirements for making a demand was waived, we conclude that the May 18, 2000, notice commenced the thirty-day period prescribed by the employment agreement. Further, in a June 7,2000, letter to Oasis, Firestone provided a list of prospective arbitrators and requested that Oasis respond with its preference. This letter also stated:
In the event I do not receive your designation(s) within ten days of this letter, we will consider this as the equivalent of a waiver or default of Oasis’ right to the arbitration remedy and, in connection therewith, I will have no alternative but to recommend that my client proceed directly with the filing and service of an appropriate district court action for any claims she may possess.
¶21 Oasis did not deliver its response to Firestone until August 11, 2000, a date well beyond the expiration of the thirty-day period. Certainly, Oasis’ perceived indifference to Firestone’s request constituted an act inconsistent with the right to arbitrate Firestone’s dispute.
¶22 The remaining Downey factor is prejudice to the party resisting arbitration. This Court examines inconsistent acts on a case by case basis to determine if they are prejudicial. Downey, 251 Mont. at 391, 825 P.2d at 560. When Oasis failed to respond to Firestone’s inquiry, Firestone had no alternative other than to commence district court proceedings, was subjected to an unnecessary delay, and incurred court costs and fees which could otherwise have been avoided. Accordingly, we conclude that Firestone was prejudiced by Oasis’ inaction. Consequently, the District Court did not err when it denied Oasis’ motion to compel arbitration.
ISSUE 2
¶23 Did the District Court err when it denied Firestone’s request for attorney fees and costs?
¶24 Firestone contends that Oasis’ lack of response and subsequent motion to compel arbitration created an unnecessary delay and needlessly increased the cost of litigation sufficient to warrant Firestone’s recovery of attorney fees and costs pursuant to Rule 11, M.R.Civ.P.
¶25 Rule 11, M.R.Civ.P., provides:
*476 The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer’s knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction ....
This Court gives a district court broad discretion to determine whether the factual circumstances of a particular case amount to frivolous or abusive litigation tactics. Friends of the Wild Swan v. Department of Natural Resources and Conservation, 2000 MT 209, ¶ 58, 301 Mont. 1, ¶ 58, 6 P.3d 972, ¶ 58.
¶26 Oasis filed two affidavits in support of its motion to compel arbitration in an effort to explain its late response to Firestone’s arbitration demand. Both affidavits stated that Oasis indeed drafted its response on June 13, 2000, but failed to deliver the response through inadvertence and mistake. Nothing in the record suggests Oasis’ motion to compel arbitration was frivolous or amounted to abusive litigation tactics. While Oasis’ perceived indifference did suffice to waive its right to arbitration, it did not rise to the level of conduct “interposed for an improper purpose” as required for Rule 11 sanctions. Therefore, we conclude that the District Court did not err when it denied Firestone’s request for attorney fees and costs.
ISSUE 3
¶27 Should this Court impose sanctions against Oasis for filing a frivolous appeal?
¶28 Firestone argues that the prejudice she has suffered as a result of the delay and unwarranted litigation expense has “been further compounded by [Oasis’] dogged pursuit of this appeal.” Therefore, Firestone requests that this Court award Firestone her attorney fees and costs attributable to this appeal pursuant to Rule 32, M.R.App.P.
¶29 Rule 32, M.R.App.P., states that “[i]f the supreme court is satisfied from the record and the presentation of the appeal... that the [appeal] ... was taken without substantial or reasonable grounds, ... damages may be assessed ....” Where a reasonable ground for appeal *477 exists no sanctions under Rule 32, M.R.App.P., will be imposed. Shull, 269 Mont. at 39, 887 P.2d at 197-98. In this case, based on the record, we are not satisfied that Oasis’ appeal was taken without substantial or reasonable grounds. Therefore, we conclude that sanctions against Oasis are not appropriate.
¶30 The order of the District Court is affirmed.
JUSTICES NELSON, COTTER and REGNIER concur.