FILED

April 1 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0293

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 104N

SIGNAL PERFECTION LTD., d/b/a
SPL INTEGRATED SOLUTIONS,
a Maryland Corporation,

      Plaintiff and Appellee,

  v.

BLACKHAWK, INC., a Montana
Corporation and ROCKY MOUNTAIN BANK,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 06-0438,
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Michael K. Rapkoch and John G. Crist, Crist Law Firm, LLC,
Billings, Montana

      For Appellee:

          Rodd A. Hamman, Calton Hamman & Wolff, PC, Billings, Montana

                Submitted on Briefs: February 20, 2008

                          Decided: April 1, 2008

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Blackhawk, Inc. (Blackhawk), appeals from the District Court's order denying its motion to compel arbitration. We affirm.

¶3 Blackhawk hired Signal Perfection Ltd. (SPL) to supply and install an audio, video, and lighting system at the 12th Planet Entertainment Complex in Billings, Montana. The contract provided that claims and disputes arising under the contract were subject to arbitration.

¶4 On April 26, 2006, SPL filed a complaint in District Court and alleged that Blackhawk had breached the contract. SPL also asserted that its construction lien had priority over a property interest held by Rocky Mountain Bank. The priority issue is not a subject of this appeal.

¶5 Blackhawk filed an answer on June 26, 2006. Blackhawk denied SPL's allegations, asserted eleven affirmative defenses, and demanded a jury trial. Blackhawk acknowledged that some of its affirmative defenses potentially were inapplicable to the case, but stated that it raised the defenses to ensure that they would not be waived. Blackhawk did not raise the contract's arbitration provision as an affirmative defense.

¶6 On November 1, 2006, SPL's second amended complaint was filed with the District Court. Blackhawk's answer contained sixteen affirmative defenses and asserted two counterclaims. Again, Blackhawk failed to assert arbitration as an affirmative defense.

¶7 After the parties engaged in discovery, SPL moved for partial summary judgment on its breach of contract claim and its priority claim. Blackhawk responded and filed a cross-motion for summary judgment, in which it asserted that SPL materially breached the contract when it failed to register with the Department of Labor and Industry as required by statute. Blackhawk also filed a motion to dismiss based on SPL's failure to obtain a certificate of authority from the secretary of state's office.

¶8 Two weeks before the trial date, Blackhawk filed a motion to reschedule the trial to allow its newly-substituted counsel to prepare for trial. Two days later, Blackhawk filed a motion to allow its counsel to withdraw and to substitute new counsel. The District Court granted both of these motions. After participating in the lawsuit for nearly one year, Blackhawk filed a motion to compel arbitration, stay the proceedings, and dismiss the action based on the contract's arbitration provision. The District Court concluded that Blackhawk's participation in the litigation amounted to a waiver of its right to arbitration and denied Blackhawk's motion. Blackhawk appeals.

¶9 We review de novo a district court's order denying a motion to compel arbitration when the district court bases its ruling on the premise that one party waived arbitration. *Downey v. Christensen*, 251 Mont. 386, 389, 825 P.2d 557, 559 (1992). The party asserting waiver must demonstrate three elements: (1) that the party now asserting its

3

right to arbitration had knowledge of the existing right to compel arbitration; (2) that the party acted inconsistently with the right to arbitrate the dispute; and (3) that the party resisting arbitration has suffered prejudice. *Downey*, 251 Mont. at 389, 825 P.2d at 559.

¶10 Blackhawk concedes the presence of the first *Downey* element, but contests the second and third elements. In *Downey*, we noted that participating in pretrial litigation is not necessarily inconsistent with the right to arbitrate a dispute, and we stated that answering a claim on the merits, "asserting a counterclaim, and participating in discovery, without more, is insufficient to constitute waiver." 251 Mont. at 391, 825 P.2d at 560. However, we significantly qualified this statement and noted that participating in discovery which "sought more information than necessary to determine the existence of the right to arbitrate" was excessive and inconsistent with the right to arbitrate. *Downey*, 251 Mont. at 391, 825 P.2d at 560.

¶11 The *Downey* case provides illustrative examples. One of the *Downey* defendants, Baker Boy, engaged in discovery to seek information regarding whether the plaintiffs were contesting the entire underlying agreement or only the arbitration clause. We determined that this was consistent with the right to arbitrate and did not satisfy the second element. However, another defendant, Christensen, engaged in broader discovery and sought more information than required to determine the extent of the plaintiffs' claims. We determined that Christensen's discovery was inconsistent with the right to arbitrate and that it satisfied the second element. *Downey*, 251 Mont. at 391, 825 P.2d at 560. In this case, Blackhawk's participation in the litigation encompassed more than determining the existence of a right to arbitrate, and we conclude that Blackhawk's

4

actions were inconsistent with the right to arbitrate the dispute. Thus, the second *Downey* element is established.

¶12 In *Downey*, the plaintiffs claimed prejudice based on their compliance with the defendants' discovery requests. We rejected this rationale, in part, because Baker Boy's actions were consistent with the right to arbitrate, and thus, prejudice was not an issue. We further determined that any prejudice suffered by the plaintiffs was self-inflicted because the plaintiffs knew from the outset that the defendants might rely on arbitration; the defendants expressly included arbitration in their affirmative defenses and reminded the plaintiffs throughout the litigation of their intent to rely on the arbitration provision as a defense. *Downey*, 251 Mont. at 390, 392, 825 P.2d at 560.

¶13 In this case, Blackhawk first mentioned arbitration shortly before trial. Though it presented sixteen affirmative defenses, Blackhawk never asserted the arbitration provision as a defense. Moreover, prior to Blackhawk's motion to compel arbitration, the record reveals a complete absence of any discussion relating to the arbitration provision. We have noted that a party resisting arbitration may establish prejudice based on delay and extensive pretrial litigation. *Holm-Sutherland Co., Inc. v. Town of Shelby*, 1999 MT 150, ¶ 32, 295 Mont. 65, ¶ 32, 982 P.2d 1053, ¶ 32. We have also determined that a party resisting arbitration suffers prejudice by spending time and money for trial preparation and by divulging its litigation strategies in preparation for litigation. *Holm-Sutherland Co., Inc.*, ¶ 33. We conclude that SPL was prejudiced by Blackhawk's actions.

¶14 Having considered the *Downey* factors, we conclude that Blackhawk waived its right to arbitration. The District Court did not err when it denied Blackhawk's motion to compel arbitration.

¶15 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶16 We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE