FILED

March 3 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0333

DA 14-0333

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 69

MONTANA PUBLIC EMPLOYEES' ASSOCIATION,
(MPEA), a not for profit corporation,

      Plaintiff, Counterclaim Defendant, and Appellant,

  v.

CITY OF BOZEMAN, MONTANA,

      Defendant, Counterclaimant, and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 13-232A
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Carter N. Picotte, Attorney at Law, Helena, Montana

      For Appellee:

      Jason S. Ritchie; Michael P. Manning; Michelle M. Sullivan, Holland &
Hart LLP, Billings, Montana

Submitted on Briefs:  December 31, 2014
Decided:  March 3, 2015

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    The Montana Public Employees' Association (MPEA) filed this action in the Eighteenth Judicial District Court, Gallatin County, seeking a declaratory judgment requiring the City of Bozeman to submit to arbitration. Concluding that the dispute between MPEA and the City is not arbitrable, the District Court entered summary judgment in the City's favor. We restate the issue on appeal as whether the District Court correctly awarded summary judgment to the City and denied summary judgment to MPEA based on the procedural arbitrability of the dispute. We conclude that the District Court improperly resolved a question of procedural arbitrability. Because we further conclude that the dispute is substantively arbitrable, we vacate and remand for entry of summary judgment in MPEA's favor.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2    In 2009, Robert Chase was a building inspector for the City and a union member of MPEA. In March of that year, the City dismissed Chase. Chase claims that the dismissal was improper. The collective bargaining agreement between MPEA and the City (the Agreement) provides a procedure for addressing employee grievances. Following the first three steps of this procedure, Chase and MPEA successively submitted Chase's grievance to a supervisor, a management representative, and the City Manager—all of whom denied the grievance.

¶3    The grievance procedure's fourth step calls for notifying the City Manager of the decision to arbitrate the grievance and, within ten days of that notice, "call[ing] upon the

Montana Board of Personnel Appeals for a list of seven potential arbitrators" from which the parties may choose their arbitrator. The Agreement further states, "A grievance not filed or advanced by the grievant within the time limits provided shall be deemed permanently withdrawn as having been settled on the basis of the decision most recently received." MPEA gave timely notice to the City Manager of its decision to arbitrate Chase's grievance, but then failed to timely request a list of potential arbitrators from the Montana Board of Personnel Appeals.

¶4     In June 2010, over a year after the dispute first arose, MPEA contacted the City to proceed with arbitration. The City declined to cooperate due to MPEA's failure to call upon the Montana Board of Personnel Appeals in a timely manner. In April 2013—over four years after the dispute first arose—MPEA filed this lawsuit, seeking a declaratory judgment that the City must participate in arbitration. The next month, the City asserted a counterclaim for declaratory relief, requesting that the District Court declare that "there remains no grievance to arbitrate . . . because it was not pursued pursuant to the terms of the [Agreement]." In 2014, both the City and MPEA requested summary judgment. Concluding that Chase's grievance did not survive MPEA's failure to follow the Agreement's time limits, and that MPEA waived any right to arbitrate through its four-year delay, the District Court granted summary judgment and issued declaratory relief to the City. MPEA appeals.

3

**STANDARD OF REVIEW**

¶5     We apply de novo review to an entry of summary judgment, using the same M. R. Civ. P. 56 standards as a district court. *Estate of Hendrick v. Lamarch*, 2014 MT 118, ¶ 7, 375 Mont. 74, 324 P.3d 1202. Summary judgment is appropriate if the moving party shows the absence of a genuine issue of material fact and proves that it is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3); *Hendrick*, ¶ 7. Where, as here, the parties do not dispute the material facts, we determine whether either party is entitled to judgment under the law. *See Clark Fork Coal. v. Mont. Dep't of Env't Quality*, 2008 MT 407, ¶ 19, 347 Mont. 197, 197 P.3d 482.

**DISCUSSION**

¶6     An arbitration agreement is a matter of contract law. Section 27-5-114, MCA; *Kelker v. Geneva-Roth Ventures, Inc.*, 2013 MT 62, ¶ 11, 369 Mont. 254, 303 P.3d 777. The role of a court interpreting a contract is to effectuate the mutual intentions of the parties as reflected in the document's clear and explicit language. Sections 28-3-301, -301, MCA; *A.M. Welles, Inc. v. Mont. Materials, Inc.*, 2015 MT 38, ¶ 8, ___ Mont. ___, ___ P.3d ___. When parties enter an agreement to arbitrate, they manifest the intention to have an arbitrator and not a judge resolve matters that fall within the terms of the agreement. *See, e.g., United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 568, 80 S. Ct. 1343, 1346 (1960) (explaining that a court has "no business" replacing what the parties bargained for—an arbitrator). The distinction between substantive arbitrability

4

and procedural arbitrability effectuates that intention. *See John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557-59, 84 S. Ct. 909, 918-19 (1964).

¶7     Questions of substantive arbitrability concern whether a valid arbitration agreement exists and whether the subject matter of the dispute falls within the arbitration agreement's terms. *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 84, 123 S. Ct. 588, 592 (2002). A court has authority to decide an issue of substantive arbitrability. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649, 106 S. Ct. 1415, 1418 (1986).

¶8     "Once it is determined . . . that the parties are obligated to submit the subject matter of the dispute to arbitration, procedural questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *John Wiley*, 376 U.S. at 557, 84 S. Ct. at 918. Questions of procedural arbitrability include "whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met . . . ." *Howsam*, 537 U.S. at 85, 123 S. Ct. at 592 (emphasis removed) (citation omitted). Unless the parties expressly provide otherwise in their agreement, only an arbitrator, and not a court, has authority to decide an issue of procedural arbitrability. *Howsam*, 537 U.S. at 85, 123 S. Ct. at 592-93.

¶9     We have adopted the distinction between procedural and substantive arbitrability in Montana. In *Int'l Bhd. of Elec. Workers, AFL-CIO, Local 1638 v. Montana Power Co.*, 280 Mont. 55, 929 P.2d 839 (1996) (*IBEW*), an employer claiming that an employee withdrew or waived his grievance sought a court order preventing arbitration. *IBEW*, 280

5

Mont. at 56, 59, 929 P.2d at 840, 842. We noted that a "substantive challenge to arbitrability is one where a grievance is not within the scope of the grievance and arbitration provisions of the collective bargaining agreement between the parties," whereas "a procedural challenge is presented when the arbitrability of an indisputably arbitrable issue is impeded in some way." *IBEW*, 280 Mont. at 60, 929 P.2d at 842-43 (citation omitted). Because the withdrawal and waiver issues were "procedural, not substantive," we determined that it "should be resolved by the arbitrator, not [by] the court," and reversed the District Court's order preventing further arbitration. *IBEW*, 280 Mont. at 61, 929 P.2d at 843.

¶10 Here, the District Court concluded that MPEA's failure to follow the time limits for requesting a list of arbitrators from the Montana Board of Personnel Appeals meant that Chase's grievance was no longer arbitrable. On appeal, the City similarly argues that it has no duty to arbitrate due to MPEA's failure to follow time limits and conditions precedent to arbitration. But an arbitration agreement's time limits and conditions precedent to arbitration are *procedures* that bear on arbitrability. Whether a dispute remains arbitrable despite the failure to follow these procedures is a classic question of procedural arbitrability that is for an arbitrator and not for a court to decide. *Howsam*, 537 U.S. at 85, 123 S. Ct. at 592-93.

¶11 The City therefore attempts to recast its argument as one of substantive arbitrability. The City argues that there is no dispute to arbitrate in this case because the

Agreement states that a "grievance not filed or advanced by the grievant within the time limits provided shall be deemed permanently withdrawn as having been settled."

¶12     In *John Wiley*, the Supreme Court addressed an arbitration agreement with similar language.  The contract in *John Wiley* stated that the "failure by either party to file the grievance with this time limitation shall be construed and be deemed to be abandonment of the grievance."  *John Wiley*, 376 U.S. at 556 n. 11, 84 S. Ct. at 917 n. 11.  The Supreme Court held that questions concerning the contractual prerequisites that conditioned the parties' duties to arbitrate were questions of procedural arbitrability to be decided by an arbitrator.  *John Wiley*, 376 U.S. at 557-59, 84 S. Ct. at 918-19.

¶13     There is no material difference between the agreement construed in *John Wiley* and the grievance provision at issue in this case.  Replacing "abandon[ed]" (as used in *John Wiley*) with "withdrawn" (as used in this case) does not change what would otherwise be a question of procedural arbitrability into a question of substantive arbitrability.  As the Supreme Court observed, "[I]t best accords with the usual purposes of an arbitration clause . . . to regard procedural disagreements not as separate disputes but as aspects of the dispute which called the grievance procedures into play."  *John Wiley*, 376 U.S. at 559, 84 S. Ct. at 919.  Absent clear language showing that parties to an arbitration agreement intend questions of procedural arbitrability to be determined by a judge, the role of a court is to leave these questions to an arbitrator.

¶14     The City also argues that the District Court did not have jurisdiction to order the parties to arbitrate this dispute because there was no longer a live dispute to arbitrate.

7

But § 27-5-115(1), MCA, provides that a party to an arbitration agreement can move to compel arbitration and that a district court shall order arbitration if the dispute is arbitrable and the opposing party has refused to arbitrate. We have interpreted § 27-5-115(1) to require that a district court determine whether the dispute is substantively arbitrable, but we leave procedural arbitrability questions to the arbitrator. *See Greater Missoula Area Fed'n of Early Childhood Educators & Related Pers. v. Child Start, Inc.*, 2009 MT 362, ¶¶ 26-30, 353 Mont. 201, 219 P.3d 881. "[C]ourts are empowered to resolve disputes that solely involve whether a particular claim should be resolved in court or arbitration." *Greater Missoula*, ¶ 26 (quoting *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1109 (11th Cir. 2004)). The District Court was "in a position to grant effective relief" by either granting or denying MPEA's request that the City be required to submit to arbitration. *Greater Missoula*, ¶ 29. MPEA's claim is accordingly justiciable.

¶15 The District Court also determined that MPEA waived the right to arbitrate through its failure to pursue that right diligently. A party asserting that another party has waived the right to arbitrate bears the burden of demonstrating (1) the other party's knowledge of the right to arbitrate, (2) acts by the other party that are inconsistent with the right to arbitrate, and (3) resulting prejudice. *Downey v. Christensen*, 251 Mont. 386, 389, 825 P.2d 557, 559 (1992). On appeal, the City contends that it met this burden and that waiver of the right to arbitrate is a question of substantive arbitrability for a judge to determine.

8

¶16 In *IBEW*, an employer argued that an employee's signature on a contract withdrawing the employee's grievance waived the union's right to arbitrate that grievance. *IBEW*, 280 Mont. at 59, 929 P.2d at 842. We determined that "whether the grievance brought by the Union on [the employee's] behalf can be waived through a written release" to which the union was not a party was a question of procedural arbitrability for an arbitrator to determine in the first instance. *IBEW*, 280 Mont. at 59-61, 929 P.2d at 842-43.

¶17 By contrast, we have evaluated on the merits claims raising a party's waiver of arbitration where the party participated in judicial proceedings in the same dispute. For example, in *Holm-Sutherland Co., Inc. v. Town of Shelby*, 1999 MT 150, 295 Mont. 65, 982 P.2d 1053—in which the party seeking arbitration had actively participated in litigation, demanded a jury trial, and did not seek arbitration until shortly before trial—we found waiver instead of leaving that decision to an arbitrator. *Holm-Sutherland*, ¶¶ 26-34. And in *Downey*, we concluded that a party who participated in litigation did not waive its right to seek arbitration where, from the outset, the party asserted its right to arbitration. *Downey*, 251 Mont. at 391-92, 825 P.2d at 560-61 ("Answering on the merits, asserting a counterclaim, and participating in discovery, without more, is insufficient to constitute waiver."). *See also Stewart v. Covill & Basham Constr., LLC*, 2003 MT 220, ¶ 13, 317 Mont. 153, 75 P.3d 1276 (filing of construction lien "was not to advance litigation, but rather to protect [the party's] statutorily created security interest in the property," and participation in mediation did not constitute waiver, where party

9

asserted intent to enforce arbitration agreement if mediation failed); *Gordon v. Kuzara*, 2012 MT 206, ¶¶ 25-27, 366 Mont. 243, 286 P.3d 895 (participation in litigation concerning arbitration of previous petition for judicial dissolution did not waive party's right to seek arbitration on a different matter).

¶18    The City's waiver argument rests on MPEA's four-year delay in invoking the Agreement and pursuing arbitration.  While we concluded that Holm-Sutherland acted inconsistently with its contractual right to arbitrate by "embrac[ing] and engag[ing] in litigation for a lengthy period of time," *Holm-Sutherland*, ¶ 26, MPEA did not act inconsistently with its right to arbitrate in this case—it just did not act.  MPEA never litigated this dispute except to seek to compel arbitration.  The City's allegations of undue delay fall within the Supreme Court's presumption that "allegations of waiver" through "laches, estoppel, and other conditions precedent to an obligation to arbitrate" are questions of procedural arbitrability that an arbitrator should decide.  *Howsam*, 537 U.S. at 84-85, 123 S. Ct. at 592.  We conclude that the City's waiver argument is an issue for an arbitrator to determine.

¶19    What remains is the question whether this dispute is substantively arbitrable.  The Agreement lays out rules related to discharging employees.  The Agreement's arbitration clause is intended to address "all disputes involving the interpretation, application or alleged violation of a specific provision of" the Agreement.  There appears to be no dispute that the dismissal of an employee is a subject matter that the parties agreed to arbitrate.  Nor does there appear to be a dispute about the validity of the parties'

10

agreement to arbitrate. Without evidence to the contrary, the dispute in this case is substantively arbitrable. We leave all other issues to the arbitrator.

**CONCLUSION**

¶20 The District Court's order granting summary judgment to the City is reversed. We remand for the District Court to enter summary judgment in MPEA's favor and to issue an order compelling the City to arbitrate the remainder of this dispute—including any questions of procedural arbitrability that it wishes to raise.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE